UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 05-81111
HON. LAWRENCE P. ZATKOFF

v.

JOSEPH NELSON, D-1

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 22, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Joseph Nelson's February 3, 2006, Motions to Suppress Statements, to Suppress Evidence Seized, for Notice of 404(b) Evidence, to Disclose Identify of Government Informant, and for Redaction of Statements. The Government has responded. In addition to the briefs submitted by the parties, the Court conducted a hearing on March 14, 2006. For the reasons set forth below, Defendant's Motions are DENIED.

**II. BACKGROUND**

In November 2005 ATF agents received information from a confidential informant (ATF-1) who observed Defendant selling firearms from the Big Boiz Audio booth at the Gration One-Stop Mini Mall in Detroit. On November 4, 2005, ATF-1 participated in an undercover purchase of a firearm from Defendant at Big Boiz Audio. ATF-1 observed three other handguns stored under the counter of the booth. Also on November 4, 2005, ATF agents received information from a second

confidential informant, ATF-2, who observed Defendant selling firearms from Big Boiz Audio. On November 9, 2005, ATF-1 participated in another undercover purchase of a firearm from Defendant and Big Boiz Audio. ATF-1 observed two other handguns stored under the counter. After the purchase, ATF agents followed Defendant back to his residence at 215 Winona Street.

On November 15, 2005, ATF agents applied for search warrants for Big Boiz Audio and Defendant's residence, at 215 Winona Street. The warrants were based on information received from the confidential informants, and surveillance. The magistrate judge granted the warrants the same day, November 15. The warrants specified that the searches must take place before November 25, 2005. On November 19, 2005, ATF agents executed the search warrant at Big Boiz Audio. The agents recovered five firearms at the booth. Defendant was present at the booth, and was arrested. Defendant was then taken to his residence, where the second search warrant was executed. The agents recovered 19 rounds of ammunition from the residence. Defendant then gave an oral and written statement. On December 7, 2005, a federal grand jury returned a three count indictment. Count One charges Defendant with Conspiracy to Deal in Firearms Without a License in violation of 18 U.S.C. § 922(a); Count Two with Possession of Firearms with Obliterated Serial Numbers, Aiding and Abetting in violation of 18 U.S.C. §922(k); and Count Three with Felon in Possession of Firearm, in violation of 18 U.S.C. §922(g).

### III. ANALYSIS

**A.   Motions to Suppress Statements, for Notice of 404(b) Evidence, and for Redaction of Statements**

Defendant indicated at the hearing that he was withdrawing these motions; thus, they are denied as moot.

**B.   Motions to Suppress Evidence Seized**

Defendant argues that the evidence seized during the execution of the search warrants executed on November 19, 2005, should be suppressed. Defendant argues that the warrant for Big Boiz Audio was stale, and that the warrant for Defendant's residence at 215 Winona Street was not supported by probable cause.

*1.     Warrant for Big Boiz Audio*

Defendant notes that ATF-1 purchased firearms from Defendant at Big Boiz Audio on Novermber 4, 2005, and November 9, 2005. The ATF agents applied for a warrant on November 15, 2005. Defendant argues that the lapse of time between the last purchase and the warrant application rendered the information stale.

The Sixth Circuit has held that:

> As this court recognized in *United States v. Henson*, "the function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate."  Rather, the question of staleness depends on the "inherent nature of the crime."  Instead of measuring staleness solely by counting the days on a calender, courts must also concern themselves with the following variables: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc."

*United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998) (citations omitted). With regards to the character of the crime, the Sixth Circuit has held that "[i]nformation in a search warrant is generally not stale if it can reasonably be believed that the defendant's criminal activity is on-going." *United States v. Robinson*, 139 Fed. Appx. 654, 657 (6th Cir. 2005).

In the instant case, it could be reasonably believed that the sale of firearms by Defendant was ongoing. ATF agents received information from two confidential informants that Defendant was selling firearms from Big Boiz Audio. Informant ATF-1 purchased firearms from

3

Defendant on two occasions, November 4, 2005, and November 9, 2005. On each occasion ATF-1 observed additional firearms at Big Boiz Audio. From this information, it could be reasonably concluded that Defendant was involved in the ongoing sale of firearms, and that Big Boiz Audio was his operational base. The agents applied for the warrants on November 15, 2005, six days after the last purchase. The warrants were granted on November 15, and specified that the searches must take place before November 25. Given the apparent ongoing nature of the enterprise, the lapse of six days was not sufficient to render the information stale.

    *2.    Warrant for 215 Winona Street*

Defendant notes that the informants only saw firearms at Big Boiz Audio. Defendant argues that there was no nexus between the firearms and his residence at 215 Winona Street.

Probable cause for a warrant exists when "when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (citations omitted). In *Davidson*, the defendant argued that officers did not observe any evidence going in or out of his residence, and that the warrant for his residence was not supported by probable cause. However, the Sixth Circuit noted that there were surveillance reports of the defendant meeting with known drug traffickers. Agents also overheard conversations with references to the defendant and drugs. The Sixth Circuit held that "the totality of the circumstances reported in the affidavit presented a 'pattern of activity' consistent with drug trafficking," and that "the magistrate reasonably inferred that evidence would be found at [the defendant's] residence." *Id.* at 859.

In the instant case, the Government argues the magistrate could reasonably conclude that Defendant had been engaged in the ongoing sale of firearms. The Government was searching not only for firearms, but for phone records, address books, ledgers, bank records, and pre-

recorded funds used by ATF-1.  After ATF-1 purchased a firearm on November 9, 2005, agents followed Defendant back to his residence at 215 Winona Street.  It was reasonable for the magistrate judge to conclude that the pre-recorded funds, as well as other records, would be present at Defendant's residence.  It was also reasonable to conclude, because of the nature of Defendant's business, that additional firearms would be located at Defendant's residence.  Thus, the warrant was properly supported by probable cause.

**C.     Motion to Disclose Identity of Government Informant**

Defendant notes that one of the Government informants (ATF-1), was a participant in two controlled purchases of firearms from Defendant.  Defendant argues that disclosure is usually required when the informant was an active participant in the events underlying the defendant's potential criminal liability.  *United States v. Sharp*, 778 F.2d 1182, 1186 (6th Cir. 1985).  However, the burden is still on Defendant to show that disclosure of the informant would substantially assist his defense.  *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

 The Supreme Court explained the "informer's privilege" in *Roviaro v. United States*, 353 U.S. 53 (1957).  The privilege refers to the "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Id*. at 59 (citations omitted).  The Court further explained:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id*.  Nevertheless, the privilege gives way "[w]here the disclosure of an informer's identity, or of

the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . . ." *Id*. at 60.

The Sixth Circuit addressed the informer's privilege exception in *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985), explaining that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." In *United States v. Bryant*, the Sixth Circuit has noted that:

> Although defendant pointed to circumstances that indicated that the informant actively participated in the drug transactions, he could not point to any evidence that the informant could support his defense. He did no more than indicate a desire to interview the informant in order to determine if he could be helpful to his defense. Mere speculation about the possible usefulness of an informant furnishes a court with nothing to balance against maintenance of the privilege.

*United States v. Bryant*, Nos. 90-1831, 90-1836, 1991 U.S. App. LEXIS 28973, *15 (6th Cir. 1991).

In the instant case, the confidential informant, ATF-1, was involved in the purchase of firearms from Defendant. However, those purchases are not part of the indictment against Defendant, and the Government has stated that those purchases will not be part of its case. Defendant has not indicated how the disclosure of ATF-1 would help his defense. Like the defendant in Bryant, Defendant had done "no more than indicate a desire to interview the informant in order to determine if he could be helpful to his defense." However, this showing is insufficient to meet Defendant's burden. Since Defendant has not shown how the disclosure of ATF-1 would substantially assist his defense, the motion must be denied.

## V. CONCLUSION

For the above reasons, Defendant's Motions to Suppress Statements, for Notice of 404(b) Evidence, for Redaction of Statements, to Suppress Evidence Seized, and to Disclose Identify of Government Informant are HEREBY DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  March 22, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 22, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290